IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JAMES AARON UNDERWOOD**, on behalf of himself and all others similarly situated, | )<br>)<br>)<br>) |
| **Plaintiff(s)**, | ) **Case No:**<br>)<br>) |
| v. | )<br>) |
| **GROUPE VOXCO, INC.** | ) **JURY TRIAL DEMANDED**<br>) |
| **Defendant.** | ) |

## CLASS ACTION COMPLAINT

**COMES NOW** James Aaron Underwood ("Plaintiff") and, for himself and others similarly situated, files this Lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of Groupe Voxco, Inc. ("Voxco"). Specifically, Defendant negligently, knowingly and/or willfully contacted Plaintiff on his cellular telephone in violation of the Telephone Consumer Protection Act, 47 USC § 227 et seq. ("TCPA").

Plaintiff brings this Action to (1) stop the practice of placing calls[1] and/or sending text messages using an "automatic telephone dialing system" ("ATDS"); (2) stop the practice of placing calls and/or sending text messages to cellular telephone numbers listed on the National Do Not Call Registry; (3) enjoin Defendant from continuing to place such calls and/or send text messages to consumers; and (4) obtain statutory remedies for himself and Class Members in-

---

[1] Throughout the Complaint, the term "calls" should be construed to encompass both voice calls and texts.

jured by Defendant's unlawful conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### NATURE OF THIS ACTION

1. This Complaint addresses the unlawful telemarking campaigns perpetrated upon Plaintiff and many others by Defendant by automated calls and text messages. These calls and messages were made without any prior consent.

2. Robocalling has plagued American consumers for years, and this plague continues to worsen. According to *Consumer Reports*, 48 billion robocalls were placed in the United States in 2018. Robocalls and text messages are now the largest source of consumer complaints to the Federal Trade Commission ("FTC"), accounting for more than 65 percent of the total.

3. Robocalling, identified as a "scourge" by the US Government, is much more than a mere annoyance. The constant deluge of robocalls reduces the productivity of nearly every adult American in having to take to the time to either answer or block the call. The scourge of robocalls has fundamentally altered how Americans use their phones, with far fewer consumers answering unrecognized calls. This practice harms legitimate callers, such as businesses and emergency agencies, who have legitimate purposes for contacting consumers by phone and are willing to do so lawfully.

4. The robocalling epidemic has hit Alabama residents particularly hard. Recent data shows that Alabama ranks third in the nation in the number of robocalls made per resident.

5.  A significant reason the robocalling problem has exponentially increased nationwide and in Alabama is that highly effective automated telephone dialing systems have minimized the costs of a robocall campaign to practically zero. A simple Google search for "robocalls" will reveal ads for companies boasting the ability to make thousands of calls for just a few dollars. One expert estimates that robocalling every citizen in the city of Seattle would cost only about $150. https://medium.com/@TProphet/the-broken-economics-of-robocalls-b58f4842a407.

6.  Voxco engages in automated robocalling and texting campaigns for its clients and provides automatic dialing software for similar telemarketing campaigns. On information and belief, The Poarch Band of Creek Indians hired Defendant Voxco to place automated text messages to consumers' cellular telephones in Alabama and nationwide without obtaining any prior express written consent. Defendant's telemarketing robotexts were made to Plaintiff and others who had placed their numbers on the National Do Not Call Registry.

7.  Congress enacted the TCPA in 1991 to address the intrusion on personal privacy posed by automated telephone calls. Congress recognized automated calls as a nuisance, an invasion of privacy and a threat to public safety and interstate commerce. Through the TCPA, Congress provided a means for consumers to seek redress for unlawful calling practices. The TCPA prohibits telemarketing calls, including text messages, to cellular telephones using either an automated telephone dialing system or prerecorded message or artificial voice messages. The TCPA also establishes a nationwide Do-Not-Call Registry ("DNCR") and prohibits telemarketing calls and/or sending text messages to

numbers placed on the registry. Defendant's text violated the TCPA, including the rules regarding the DNCR.

8. The Alabama legislature enacted the ATSA in 1999 to address the intrusion on personal privacy posed by unsolicited telemarketing calls and texts. It recognized such calls and texts as "intrusive and relentless invasion of the privacy and peacefulness of home." Ala Code § 8-19C-1(4) (1975). The ATSA was passed to provide Alabama consumers the power to decide whether to receive telemarketing calls and texts and provides a means for consumers to seek redress for unlawful calling and texting practices. The ATSA prohibits telemarketing calls and texts to consumers who have placed their numbers on the national DNCR. The ATSA also prohibits using technology to conceal the caller's identity, such as spoofing technology. The calls made by and/or text messages sent by Defendant violate the ATSA.

**PARTIES**

9. Plaintiff is a resident of Calhoun County, Alabama.

10. Defendant Groupe Voxco, Inc. ("Voxco") is a corporation with its principal place of business in Quebec, Ontario, Canada. Voxco also has its United States headquarters located at 350 Fifth Avenue, 59th Floor, New York, NY, 10118. Voxco's primary business is leasing robocalling software for companies that desire to place robocalls and send robo-texts to consumers. Voxco also places calls and text messages for such other business entities on a contractual basis.

**JURISDICTION AND VENUE**

11. Jurisdiction in this Court is proper under 28 USC § 1331 as Plaintiff has claims that arise under the laws of the United States.

**12.** Venue in this District is proper according to 28 USC § 1391 because the subject calls and/or texts were placed into this District, and a substantial part of the events giving rise to the claims asserted herein occurred in this District.

**FACTS COMMON TO THE CLASS**

13. The TCPA prohibits calls made to and text messages sent to a cellular telephone using either an ATDS or prerecorded or artificial voice without the called parties' consent. For telemarketing calls and/or text messages, such as those placed by Defendant to Plaintiff and Class Members, the TCPA requires prior express written consent to be provided by every called consumer.

14. Under the ATSA, any Alabama consumer who has registered his or her telephone number on the DNRC has provided notice of his or her objection to receive telemarketing calls and texts. Any person whose number is on the registry and who has received more than one telephone solicitation within a twelve (12) month period by or on behalf of the same entity may recover statutory damages under the ATSA against the violator up to $2,000 per violation. See Ala. Code § 8-19C-7. Calls knowingly made with technology, such as "spoofing, "designed to block or otherwise circumvent a caller identification service, violate the ATSA and entitle the consumer to the same remedies. See Ala. Code § 8-19C-5 & 7.

15. In 2003, the Federal Government established the National Do Not Call Registry ("DNCR") to protect consumers from unwanted calls. The DNCR allows consumers to register telephone numbers, thereby indicating their desire not to receive telephone solicitations at those numbers. *See* 47 CFR. § 64-120(c)(2). The TCPA and its implementing regulations prohibit telephone solicitations to telephone numbers listed on the registry. *See* 47 U.S.C. § 227(c); 47 CFR. § 64-1200(c)(2) (the "Do Not Call Rule"). Any person whose number is on the registry and who has received more than one telephone solicitation within a twelve (12) month period by or on behalf of the same entity may recover statutory damages under the TCPA against the violator. *See* 47 USC § 227(c)(5).

16. Defendant Voxco robo-texts and robocalls consumers with surveys on business and political topics, among others, for clients who want to use surveys to gauge how they should advertise and market goods and services. Voxco's website asks, "Are You Using the Best Survey Software?". Clicking on the See How it Works button leads to a page that offers: "See what Voxco can do for you. Tell us a little about yourself, and we'll connect you with a Voxco expert who can share more about the product and answer any questions you have." This page includes a form that asks the interested business whether it is interested in "Phone Surveys, Online Surveys, Offline Surveys, or Analytics." Voxco employs automated systems to contact thousands of consumers through their cellular telephones through calls and text messages in a very short period of time and at a very low cost. Upon information and belief, the telemarketing campaigns also employ prerecorded or artificial voice technology.

**17.** This pitch clearly intrigued the Poarch Band of Creek Indians. The context of the text message/survey robo-dialed to Plaintiff's cellular telephone reveals that the Poarch Band of Creek Indians engaged Voxco to survey, through unsolicited robo-texting, Alabama consumers on their attitudes toward an Alabama state lottery and casino gambling in Alabama. See Screenshot, Exhibit 1.

**18.** Moreover, the survey questions were designed to predispose the recipients favorably toward the Poarch Band of Creek Indians. See Screenshot, Exhibit 2.

**19.** Recipients of the survey were paid for taking the survey with coupons and other financial rewards. See Screenshot, Exhibit 3.

20. Defendant robo-texted hundreds, if not thousands, of Alabama consumers without their prior written express consent through the use of an ADTS and/or prerecorded or prerecorded or artificial voice technology. Many calls and texts, including those made to Plaintiff, were made to numbers placed on the DNCR. Each call was made in violation of the TCPA.

21. When Defendant made or directed the calls and/or text messages to Plaintiff and Class Members, it was well aware of the TCPA and the ATSA requirements. It was aware that the automated calls and text messages to consumers violated the TCPA and the ATSA and subjected them to the penalties provided therein.

22. The unlawful telemarketing calls and/or text messages repeatedly invaded the personal privacy of Plaintiff and each member of the Class, causing them to suffer damages, injury-in-fact and entitling them to relief provided under the TCPA, including 47 USC § 227(b)(3)(B), and the ATSA, including Ala. Code § 8-19C-7.

23.     The unlawful telemarketing calls and/or text messages repeatedly invaded the personal privacy of Plaintiff and each member of the Class, causing them to suffer damages, injury-in-fact and entitling them to the relief provided under the TCPA, including 47 USC § 227(b)(3)(B).

**FACTS RELATING TO PLAINTIFF**

24.     Beginning on or about April 20, 2021, Plaintiff received at least two (2) automated text messages to his cellular telephone.

25.     Defendant sent these text messages to Plaintiff on April 20 and 21, 2021.

26.     Upon information and belief, all of the text messages sent from Defendant to Plaintiff were made using equipment that had the capacity to store or produce telephone numbers to be called, or sent a text message, using a random or sequential number generator and/or a predictive dialer, with the capacity to dial such numbers.

27.     At all times relevant herein, Plaintiff's cellular telephone number was listed on the DNCR. Plaintiff registered his cellular telephone number XXX-XXX-7871 with the DNCR for the express purpose of avoiding unwanted telemarketing calls. Plaintiff's cellular telephone number was registered on the DNCR more than thirty-one (31) days prior to the calls.

28.     Plaintiff uses his cellular telephone phone number as his main residential line.

29.     Defendant's text messages were sent for Defendant's client the Poarch Band of Creek Indians and for the purpose of promoting their ability and experience in managing

gambling operations as well as the gambling operations themselves, and not made for emergency purposes, as defined by 47 USC § 227(b)(1)(A)(i).

30. The text messages were sent for purposes of soliciting a sale of consumer goods or services and/or for the purpose of obtaining information that may be used for the direct solicitation of a sale of consumer goods or services. The text messages were "telemarketing" and "telephone solicitations" within the meaning of TCPA.

31. The text messages were not isolated occurrences and were made in the course of a pattern of repeated transactions of like nature.

32. Upon information and belief, the ATDS used by Defendant, or on Defendant's behalf, has the capacity to store or produce telephone numbers to be called or sent a text message, using a random or sequential number generator.

33. Upon information and belief, the ATDS used by Defendant, or on Defendant's behalf, also has the capacity to, and does, dial telephone numbers and send them text messages, stored as a list or in a database without human intervention.

34. Defendant did not have prior express written consent to send the text messages to Plaintiff.

35. The telephonic communications by Defendant, or on Defendant's behalf, violated 47 USC § 227(b)(1).

36. Defendant's text messages to Plaintiff also violated the regulations promulgated under the TCPA regarding text messages to consumers whose numbers are included in the DNCR. Plaintiff received one or more such text messages within a twelve (12)

month period by Defendant or on Defendant's behalf in violation of the Do Not Call Rule. 47 CFR. § 64.1200(c)(2).

37. The text messages sent by Defendant each constitute a "telephone solicitation" as that term is defined at 47 USC § 227(a)(4) and 47 CFR. § 64.1200(f)(14) and within the meaning of the ATSA.

38. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA and the ATSA.

39. Plaintiff has suffered actual damages and injury-in-fact, including but not limited to loss of time in answering the text messages and tracing their origin and the loss of use of his telephone for legitimate purposes and his productivity. Such text messages have also invaded Plaintiff's privacy and statutory rights provided under the TCPA and the ATSA.

40. The harm suffered by Plaintiff as a result of Defendant's TCPA and ATSA violations bears a close relationship with the types of harm for which the law has traditionally allowed redress under common law claims for invasion of privacy, nuisance, conversion, trespass to chattel and wantonness.

## CLASS ACTION ALLEGATIONS

41. **Class Definitions:** Plaintiff brings this Action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and the Classes of similarly situated individuals, defined as follows:

### The Robocall Class

All individuals in Alabama who during the four years prior to the filing of the Complaint in this Action: (1) received any telephone call or text from Defendant or its agent(s) and/or employee(s); (2) promoting its clients through surveys directed to said person's cellular telephone; (3) made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message; and (4) made without the called party's prior expressed written consent.

### The Do Not Call Class

All individuals in the United States who during the four years prior to the filing of the Compliant in this Action: (1) received more than one telephone call or text made by or on behalf of Defendant within a 12-month period; (2) promoting services or offering surveys for other entities and related products; and (3) at a telephone number and/or a number that had been registered with the National Do Not Call Registry for at least 30 days at the time of each call.

### The ATSA Class

All Alabama residents who during the two years prior to the filing of the Compliant in this Action (1) received a telephone call or text made by or on behalf of Defendant; (2) promoting surveys or related products or services; and (3) to a telephone number that had been registered with the National Do Not Call Registry or the Alabama Public Service Commission for at least 30 days at the time of each call.

42. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this Action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors and any entity in which Defendant or its par-

11

ent has a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) the legal representatives, successors or assigns of any such excluded persons; and (5) Plaintiff's counsel and Defendant's counsel.

43.  **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls and sent text messages to thousands of consumers who fall into the Classes. Members of the Classes can be identified through Defendant's records.

44.  **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

> **Robocall Class:**
>
> **a)** Whether Defendant's conduct violated the TCPA;
>
> **b)** Whether Defendant's and/or its agents systematically made telephone calls to consumers who did not previously provide Defendant or its agents with prior express consent to receive such telephone calls and/or text messages; and
>
> **c)** Whether Plaintiff and the members of the Robocall Class are entitled to treble damages based on the willfulness of Defendant's conduct.

44.  **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out

of Defendant's uniform wrongful conduct toward Plaintiff and each of the other members of the Classes.

45. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interest of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

46. **Policies Generally Applicable to the Classes:** This Class Action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

47. **Superiority**: This Case is also appropriate for Class certification because Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would

still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a Class Action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## COUNT ONE
## TELEPHONE CONSUMER PROTECTION ACT

48. Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

49. This claim is brought for Plaintiff individually and on behalf of the Robocall Class Members described above.

50. Defendant, directly or through its agent, sent telephone text messages to Plaintiff's and Robocall Class members' cellular telephones without having obtained their prior express written consent.

51. The text messages were sent with an ATDS and/or the use of prerecorded or artificial voice.

52. The text messages were sent for the purpose of marketing, advertising and selling product and services from other entities. The text messages constitute telemarketing and telephone solicitation as those terms are defined in 47 CFR § 64.1200(f)(12) and (14).

53. Each text message was sent in violation of provisions of the TCPA, including 47 USC § 227(b)(1)(A).

54. The unlawful telemarketing text messages repeatedly invaded the personal privacy of Plaintiff and each member of the Class, causing them to suffer damages and entitling them to relief provided under the TCPA, including 47 USC § 227(b)(3).

55. As a result of Defendant's negligent violations of 47 USC § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation pursuant to 47 USC § 227(b)(3)(B).

56. As a result of Defendant's knowing and/or willful violations of 43 USC § (b)(3), Plaintiff and the Class Members are entitled to increased damages of up to $1,500 per violation.

57. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT TWO
## VIOLATION OF THE TCPA'S DO NOT CALL RULE

58. Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

59. This claim is brought for Plaintiff individually and on behalf members of the Do Not Call Class described above.

60. Plaintiff and members of the Do Not Call Class placed their numbers on the DNCR.

61. Defendant, directly or through an agent or agents, sent text messages to Plaintiff' and Do Not Call Class Members' telephone numbers listed on the DNCR without having obtained their prior express written consent.

62. The text messages were sent for the purpose of marketing, advertising and selling product and services from other entities. The text messages constitute "telemarketing" and "telephone solicitation" as those terms are defined in 47 CFR § 64.1200(f)(12) and (14).

63. Each text message was sent in violation of provisions of the TCPA, including 47 USC § 227(c)(3) and the Do No Call Rule promulgated pursuant to the TCPA, 47 CFR § 64.1200(c)(2).

64. The unlawful text messages repeatedly invaded the personal privacy of Plaintiff and each member of the Class, causing them to suffer damages and entitling them to relief provided under the TCPA, including 47 USC § 227(b)(3)(B) and (c)(5).

65. Each text message was sent in willful and knowing violation of the TCPA and the Do Not Call Rule.

66. As a result of Defendant's violations of 47 USC § 227, *et seq.*, Plaintiff and members of the Do Not Call Class are entitled to an award of actual damages or statutory damages of up to $500.00, for each and every violation, pursuant to 47 USC § 227(c)(5)(B).

67. As a result of Defendant's knowing and willful violations of 47 USC § 227, *et seq.*, Plaintiff and the members of the Do Not Call Class are also entitled to an award of enhanced damages of up to $1,500.00 for each and every violation, pursuant to 47 USC

§ 227(c)(5). Plaintiff and the Do Not Call Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.  An award of actual monetary loss to Plaintiff and members of the Robocall Class from such violations or the sum of five hundred dollars ($500.00) for each violation of the TCPA, whichever is greater; all to be paid into a common fund for the benefit of the Plaintiff and the other Class Members;

B.  An award of enhanced statutory damages to Plaintiff and members of the Robocall Class for Defendant's willful and/or knowing violation of up to $1,500.00 for each such violation of the TCPA; all to be paid into a common fund for the benefit of Plaintiff and the other Class Members;

C.  An award of actual monetary loss to Plaintiff and members of the Do Not Call Class from each call made in violation of 47 CFR § 64.1200(c)(2) or damages of up to five hundred dollars ($500.00) for each unlawful call and/or text message, whichever is greater; all to be paid into a common fund for the benefit of the Plaintiff and the other Class Members;

D.  An award of enhanced damages to Plaintiff and members of the Do Not Call Class from each call and/or text message made and/or sent in knowing or willful violation of 47 CFR § 64.1200 (c)(2) of up to three times the amount the statutory damages

awarded pursuant to 47 USC § 227(c)(5)(B); all to be paid into a common fund for the benefit of the Plaintiff and the other Class Members;

E.   An award of actual monetary loss to Plaintiff and members of the ATSA Class from each call and or text message made and/or sent in violation of ATSA or damages of up to two-thousand dollars ($2,000) per knowing violation of the ATSA; all to be paid into a common fund for the benefit of the Plaintiff and the members of the ATSA Class;

F.   An Order declaring that Defendant's actions, as set out above, violate the TCPA and the ATSA;

G.   A declaratory Judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA; or

H.   An Order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling and text messaging practices;

I.   An Order requiring Defendant to identify any third party involved in the autodialed and/or prerecorded calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

J.   An injunction requiring Defendant to cease all unsolicited autodialed and/or prerecorded calling activities and text messaging, and otherwise protecting the interests of the Classes;

K.   An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call or text message recipient's prior express written consent to receive calls and/or text messages made and/or sent with such equipment;

L.    An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA and the ATSA;

M.    An injunction prohibiting Defendant from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

N.    An injunction requiring Defendant to cease all unsolicited calling activities and/or texting and otherwise protecting the interests of the Classes;

O.    An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

P.    Such other and further relief that the Court deems reasonable and just.

**TRIAL BY JURY IS DEMANDED AS TO EVERY CLAIM ASSERTED HEREIN.**

Respectfully submitted this the 18th day of June, 2021.

| */s/ Earl P. Underwood, Jr.* | */s/ Steven P. Gregory* |
|---|---|
| **Earl P. Underwood, Jr.**<br>21 S Section Street<br>Fairhope, AL  36532<br>Telephone: (251) 990-5558<br>Facsimile: (251) 990-0626<br>epunderwood@alalaw.com | **Steven P. Gregory**<br>Gregory Law Firm, PC<br>505 20th Street North, Suite 1215<br>Birmingham, AL 35203<br>Telephone: (205) 208-0312<br>steve@gregorylawfirm.us |

**DEFENDANT IS TO BE SERVED BY CERTIFIED MAIL TO:**

Groupe Voxco, Inc.
304 Park Avenue South
11th floor
New York, NY 10010